UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD SEARS,

        Plaintiff,

        v.

THE UNITED STATES, et al.,

        Defendants.

CASE NO. C04-2511RSM

ORDER OF DISMISSAL

      Plaintiff Donald Sears, appearing through counsel, filed this action alleging that his civil rights were violated when he was severely beaten by fellow inmates while he was incarcerated at the Federal Corrections Center at Sheridan, Oregon ("FCI Sheridan"). Plaintiff has invoked federal jurisdiction under 42 U.S.§ 1983, but the action against a federal defendant is properly designated as one brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). The defendants named in the action are the United States, Warden Robert Hood, and two unnamed John Does who were corrections officers at FCI Sheridan. The United States was served in this district, and has been dismissed from the action because of sovereign immunity and on other bases. Dkt. # 29, 30. The individual defendants have not been served.

      On May 15, 2007, plaintiff was ordered to show cause why this action should not be dismissed, without prejudice, pursuant to F.R.Civ. Proc. 1406(a), for improper venue. The Court noted that this action arises out of an event that occurred in Oregon, with individual defendants who were at that time Oregon residents. A civil action wherein jurisdiction is not founded solely on diversity may be brought

ORDER OF DISMISSAL - 1

**only** in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Under this statute, venue is proper in the District of Oregon.

In response to the Order to Show Cause, plaintiff asserts that venue is proper in this district under 28 U.S.C. § 1391(e), a venue provision for actions against officers or employees of the United States in their official capacity. In so asserting, plaintiff reminds the Court that Warden Hood was named in his official capacity as well as his personal capacity. However, a civil action against an officer or employee of the United States with respect to actions taken in his official capacity is deemed a suit against the United States itself. As the United States has not waived sovereign immunity as to suits under *Bivens*, this action may be brought only against the warden and other persons in their individual capacities. *Holloman v. Watt*, 708 F. 2d 1399, 1401-02 (9th Cir. 1983). Plaintiff's argument regarding venue based upon defendants' official capacity is therefore without merit.

The Court also notes that plaintiff has failed to serve the individual defendants as required. Failure to serve *Bivens* defendants in the proper manner for service upon individuals is fatal to the action. *Vaccaro v. Dobre*, 81 F. 3d 854, 857 (9th Cir. 1996); *citing Daly-Murphy v. Winston*, 837 F. 2d 348 (9th Cir. 1987).

This action is accordingly DISMISSED, without prejudice, for improper venue and for failure to timely serve the individual defendants.

DATED this 30 Day of October 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 2